UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**SBN V FNBC, LLC**                                                                                 **CIVIL ACTION**

**VERSUS**                                                                                               **NO. 25-1354**

**GREGORY J. ST. ANGELO ET AL**                                                   **SECTION "B"(2)**

## ORDER AND REASONS

Before the Court are defendant Gregory J. St. Angelo's notice of removal, (Rec. Doc. 1), defendants Benjamin St. Angelo, Bradley St. Angelo, and Haylie St. Angelo's motion for partial summary judgment on claims to revoke transfers made to third parties (Rec. Doc. 3), plaintiff SBN V FNBC, LLC's motion to remand (Rec. Doc. 5), plaintiff's motion to continue submission date on defendants' motion for partial summary judgment (Rec. Doc. 8), and plaintiff's ex parte motion to expedite submission of its motion to continue submission of its motion to continue submission date on defendant's motion for partial summary judgment (Rec. Doc. 9). For the following reasons,

**IT IS ORDERED** that this case is **REFERRED** to the Bankruptcy Judge for all purposes, including, but not limited to, all pending motions (Rec. Docs. 3, 5, 8, and 9).

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

After years of litigation in state court, defendant Gregory J. St. Angelo ("**GSA**") removed the suit to federal court on July 1, 2025, pursuant to 28 U.S.C. §§ 1452(a) and 1334. Rec. Doc. 1. In defendants' "Notice of Removal of State Court Action," defendant Gregory J. St. Angelo ("**GSA**") stated that on March 19, 2018, plaintiff SBN V FNBC, LLC commenced a revacatory action in the 22nd Judicial District Court for the Parish of St. Tammany under case number 2018-11331. *Id.* at 1¶I. Per GSA, the state court suit asserts claims related to alleged wrongful transfers of community assets. *Id.* at 1¶III. GSA states on May 14, 2025, the plaintiff subsequently filed an

1

adversary proceeding in the United States Bankruptcy Court of the Eastern District of Louisiana. *Id.* at 1¶II (*In re Patricia Lee St. Angelo*, No.25-1024 (Bankr. E.D. La. May 14, 2025) (Grabill, Bankr. J.)). Currently the defendants' motion for partial summary judgment remains pending. Rec. Doc. 3. Through its filings, SBN V FNBC seeks our abstention, the case's remand, and all other relief the Court deems just and appropriate. *See* Rec. Docs. 5, 8, and 9.

## **LAW AND ANALYSIS**

Removal of claims pursuant to 28 U.S.C. § 1452 is proper "to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." 28 U.S.C. § 1452(a). In turn, 28 U.S.C. § 1334, supplies that "district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). Through a General Order of Reference, the District Court for the Eastern District of Louisiana further directs such cases to the district's bankruptcy judges, through automatic or *sua sponte* referral. *See* Gen. Order 21-5 (E.D. La. Apr. 22, 2021). Specifically, the General Order mirrors the language in 28 U.S.C. § 1334, referring to the Bankruptcy Court for the Eastern District of Louisiana "proceedings under title 11 of the United States Code or *arising in or related to* a case under title 11 of the United States Code." *Id.* (emphasis added).

The Fifth Circuit Court of Appeals has held that a case arises in or relates to a pending bankruptcy action where "the outcome of that proceeding could *conceivably* have any effect on the estate being administered in bankruptcy." *In re Wood*, 825 F.2d 90, 93 (5th Cir. 1987) (emphasis in original) (citation omitted). This conceivability of relationship between case and bankruptcy action is the threshold for subject matter jurisdiction; bankruptcy courts, once through

the threshold, decide the extent of their authority over the related-to matter through determining it a core or non-core proceeding. *Id.* at 94–95.

Gregory St. Angelo is already engaged in the bankruptcy proceedings of SBN V FNBC LLC, as it relates to the dischargeability of debts. *See In re Patricia Lee St. Angelo*, No.25-1024, ECF No. 1 (Bankr. E.D. La. May 14, 2025) (SBN V FNBC LLC objection to dischargeability of debts pursuant to 11 U.S.C. §§ 523 and 524); *id.* ECF No. 20 (Bankr. E.D. La. July 1, 2024) (GSA seeks for allegations regarding homes, alleged tuition payments, and alleged wedding vendor payments to be stricken from the record). In his removal filing, GSA states, "[t]he claims asserted are related to the captioned case pending in this Court." *Id.* at 1¶IV (referencing *In re Patricia Lee St. Angelo*, No.25-1024 (Bankr. E.D. La. May 14, 2025) (Grabill, Bankr. J.)). Furthermore, GSA filing avers, "[d]efendant will seek the referral of this removed action to the Bankruptcy Court for the Eastern District of Louisiana where the adversary proceeding is pending pursuant to Local Rule 83.4.1 and pursuant to the General Order of Reference 2021-5."

As the current matter and motions regard the same debts as those in the ongoing bankruptcy matter, the Court finds that the outcome of these motions could have a conceivable effect on the bankruptcy matter, which is sufficient to exercise that Court's jurisdiction. Because the Eastern District of Louisiana's Order of Reference provides for automatic referral of proceedings to the same extent that 28 U.S.C. § 1334 confers jurisdiction, this Court refers the instant case to the Bankruptcy Judge, including full consideration on all pending motions.

New Orleans, Louisiana this 17th day of July, 2025

SENIOR UNITED STATES DISTRICT JUDGE